RIVES *et al.*, executors, *v.* JORDAN.

1. The evidence showing that the contract sued on was made with the plaintiff by a special agent of defendants' testator in the lifetime of the latter and under express authority from him, and that the services of the plaintiff were rendered under that contract, there was no error in refusing to admit evidence tending to prove that another person, at or about the time the contract was made, was the general agent of the testator and had charge of all his business, this evidence being offered to disprove the fact of special agency, a fact to which it was irrelevant.
2. The evidence warranted the verdict, and there was no error in denying a new trial.	*Judgment affirmed.*
   January 27, 1894.

Complaint on account. Before Judge McWHORTER. Hancock superior court. February term, 1893.

Jordan sued George S. Rives *et al.*, as executors of George S. Rives deceased, for $300 and interest, alleged to be due as a fee for services rendered as attorney at law, under a contract made with the deceased when in life, to represent him and his interests in a suit pending in Hancock superior court, brought by Reese, ordinary, for the use of the county, against G. R. Brown as principal, and George S. Rives *et al.*, as securities on the bond of said Brown as county treasurer, which suit was for $16,000. At the trial the plaintiff introduced the original demurrer in the suit mentioned, filed by him as attorney for George S. Rives, one of the defendants, at the April term, 1889, of the superior court; and the record of said court, showing that the case named was tried in 1889 and was dismissed on demurrer. The present action was brought in the county court. Frank L. Little, the judge thereof, testified that it was tried in that court in 1892, in which trial David L. Rives, now deceased, swore for the plaintiff that at the time or soon after the filing of the declaration in the superior court in the case of Reese, ordinary, for use, *v.* George S. Rives *et al.*,

which was a suit on the bond of George R. Brown, county treasurer, George S. Rives, deceased, heard that the suit was brought or was about to be brought against him and the other securities on the treasurer's bond, and had a conversation with David L. Rives about it, in which he told him to go and see Jordan and tell him for God's sake not to let them ruin him (referring to the pending suit on the bond); and David L. went to see Jordan under this request and authority, and employed him to represent his father, George S. Rives, in said suit, for $300. David L. further swore that he communicated to his father the result of the suit on the bond after it terminated, and his father expressed himself satisfied therewith. Witness has frequently refreshed his recollection about D. L. Rives's testimony, because he was shot the day after the testimony was given, and died in a few days, and plaintiff requested witness to keep the testimony in mind. The suit on the bond was a long one, and Jordan's service therein was valuable and reasonably worth $300. Other lawyers represented the other defendants. George S. Rives was in bad health for a long time before his death; and his son George S. lived with him, while David L. did not. The trial of the suit on the bond was begun one afternoon, and was not concluded until the next day. The trial occupied the greater portion of a day. The plaintiff put in all of his evidence, and the defendants a subsequent bond, and the court adjourned until the next morning, when the case was disposed of on motion. Jordan represented George S. Rives. The interest of the clients of witness (Harrison and Reynolds) was somewhat antagonistic to that of Rives. Witness strove for them to maintain Rives's liability on the bond, so that he would have to share, in the event of ultimate defeat, the loss with his cosecurities.

George S. Rives, executor, testified: About the time

of the beginning of the suit on the bond, I received from Jordan a letter which is now lost and which I have made diligent search for and been unable to find, in which he stated that David L. Rives had had a conversation with him about representing my father in said suit, that he knew I represented my father in business, looked after his financial affairs, etc., and that he wanted to see me about it. I replied to that letter by going to see Jordan. I asked him how much he would charge to represent my father in the case. He said $300. I told him that was more than we were willing to pay. He declined to reduce the figure, and I left his office declining to contract with him. I went at once and employed R. H. Lewis and paid him. Know that Jordan appeared in the case; was in court at the time, but had no idea he represented my father; did not know who he represented.

P. F. Tye testified: I was in Jordan's office when D. L. Rives came to him and said, "My father told me to see you about representing him in the case against him on G. W. Brown's bond." They spoke about the amount of fees. D. L. Rives said, "Is that your idea? is that the best you can do?" referring to fees. Before they separated Rives said, "You had better write to my brother George about the matter." Jordan replied, "Yes, I want to see George about it." I saw Jordan some weeks after, and asked him if he had seen George; he said, "Yes, but we could not agree about fees. George said I charged him too much." This was before the trial of the case of Reese, ordinary, *v.* Rives *et al.*, and said D. L. Rives had employed him for his father and agreed to pay him $300.

R. H. Lewis, attorney at law, testified: Before the return of the case testified about, I was employed by George S. Rives to represent his father therein; he gave me the writ that had been served on his father. I was connected with the case until it was finally determined.

Jordan appeared in the case; didn't know who he represented, or that he had been spoken to at all when Rives saw me. Hunt & Harley, attorneys, also appeared in the case. The defence made for all the defendants was the same. Hunt and I struck the jury. Jordan did what talking was done. I did not say a word. My recollection is that the trial consumed but a very short time. Certain documentary evidence was offered by plaintiff and objected to by defendants; objection was sustained, and case broke down. Jordan made the objection of defendants. Rives made a special contract for services with me, and paid me all I charged.

The jury found for the plaintiff. The defendants moved for a new trial on the grounds, that the verdict was contrary to law and evidence; and that the court erred in refusing to allow George S. Rives, one of the defendants, to testify that he was the general agent of his deceased testator, and that he was in charge of all the business of every kind of said deceased; and in refusing to allow Frank L. Little to answer the question, "Do you not know that George S. Rives was at that time the general agent of George S. Rives deceased, and attended to all his business?" Defendants contend that this question was competent as illustrating the issue whether David L. Rives was such an agent at the time as would justify the plaintiff in acting on this statement, and also in aiding the jury to settle the question of agency. The motion was overruled, and defendants excepted.

ROBERTS & POTTLE, for plaintiffs in error.
SEABORN REESE, *contra*.